QUESTAR SOUTHERN TRAILS
PIPELINE COMPANY, a Utah
company,

        Plaintiff,

v.                                                           No. CIV 02-10 BB/LFG

4.26 ACRES OF LAND, COUNTY OF
SAN JUAN, STATE OF NEW
MEXICO, EVANS ENGINEERING,
INC., a New Mexico corporation; 1.74
ACRES OF LAND, COUNTY OF SAN
JUAN, STATE OF NEW MEXICO,
GLORIA O. SAIZ; 0.69 ACRES OF
LAND, COUNTY OF SAN JUAN,
STATE OF NEW MEXICO, INEZ
TRUBY, Trustee of the Inez Truby
Revocable Trust; 1.92 ACRES OF
LAND, COUNTY OF SAN JUAN,
STATE OF NEW MEXICO, RACHEL
A. and ROBERT H. TRUBY, JR.; 6.43
ACRES OF LAND, COUNTY OF SAN
JUAN, STATE OF NEW MEXICO,
AUBREY D. and PATRICIA A.
WOOD, and JOHN DOE, et al., and
ALL UNKNOWN OWNERS,

        Defendants.

### MEMORANDUM OPINION
### AND
### ORDER DENYING COMMISSION

**THIS MATTER** is before the Court on the motion of Plaintiff, Questar Southern Trails Pipeline Company, for the appointment of three commissioners [#36], in lieu of a jury to resolve the issue of compensation due Defendants in this condemnation action. The Court has reviewed the briefs of counsel and performed additional legal research, and determines that the present record does not support the motion, and it will be Denied.

## *Discussion*

Plaintiff Questar Southern Trails seeks to condemn Defendants' lands for the construction of a pipeline pursuant to the Natural Gas Act, 18 U.S.C. § 717f. Defendants Truby and Woods filed timely demands for a jury trial. Plaintiff would oppose jury trial and moves the Court to adopt the alternative permitted under Federal Rule of Civil Procedure 71A by appointing three commissioners. Rule 71A(h) provides *inter alia*:

> (h) Trial. If the action involves the exercise of the power of eminent domain under the law of the United States, any tribunal specially constituted by an Act of Congress governing the case for the trial of the issue of just compensation shall be the tribunal for the determination of that issue; but if there is no such specially constituted tribunal any party may have a trial by jury of the issue of just compensation by filing a demand therefor within the time allowed for answer or within such further time as the court may fix, unless the court in its discretion orders that, because of the character, location, or quantity of the property to be condemned, or for other reasons in the interest of justice, the issue of compensation shall be determined by a commission of three persons appointed by it.

**As Plaintiff points out, this language provides the Court discretionary power, in the delineated circumstances, to appoint commissioners.** *United States v. Reynolds*, 397 U.S. 14 (1970). **The Tenth Circuit outlined the parameters for appointment of a commission long ago: "litigants should have the right of trial by jury [except] in <u>extraordinary and exceptional</u> cases and the commission should be employed only in <u>exceptional</u> cases where because of <u>peculiar circumstances</u> trial by jury was inadvisable."** *United States v. Theimer*, **199 F.2d 501, 503 (10th Cir. 1952) (emphasis added);** *see also United States v. 320.0 Acres of Land*, **605 F.2d 762, 828 (5th Cir. 1979) ("exceptional" circumstances necessary). While the Tenth Circuit has recognized "exceptional," "extraordinary" and/or "peculiar" circumstances sufficient to allow the appointment of commissioners,[1] jury trial is, then, still the standard.** *United States v. Hardage*, **58 F.3d 569, 576 (10th. Cir. 1995);** *see also* **13 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 71A.11[1][c] (3d ed. 1997); 6A SACKMAN & VAN BRUNT, NICHOLS ON EMINENT DOMAIN § 27.12[1] (rev. 3d ed.).**

**Plaintiff suggests that because three different owners possess three different types of land the case is sufficiently extraordinary to support the appointment of commissioners. While such ownership is a factor,** *United States v. Waymire*, **202 F.2d at 552, this number of owners and the number of tracts is not really persuasive that a**

---

[1] *United States v. Wallace*, 201 F.2d 65 (10th. Cir. 1952); *United States v. Waymire*, 202 F.2d 550 (10th. Cir. 1953). These cases are compared critically to *Theimer* in Note, *Eminent Domain -- Proceedings – Jury Trial May Be Denied Under Federal Rule 71A(h) Only In "Extraordinary Circumstances,"* 66 Harv. L. Rev. 1314 (1953).

commission is required. *Sykes v. United States*, 392 F.2d 735 (8th Cir. 1968); *United States v. Bobinski*, 244 F.2d 299 (2d Cir. 1957). There is also little in the present record to suggest a local jury could not fairly evaluate evidence on the difference between irrigated and non-irrigated ranch land. Based on the present record, therefore, the Court is not convinced this case is sufficiently extraordinary, exceptional or peculiar to justify a commission.[2] If the Court becomes convinced a jury view is required, however, it may be the cost could combine with the factors to justify the appointment of a commission. *United States v. Wallace, supra*; *United States v. 320.0 Acres of Land, supra*; *United States v. Deist*, 442 F.2d 1325 (9th Cir. 1971).

**O R D E R**

For the above stated reasons, Plaintiff's motion to appoint a commission is DENIED without prejudice to renew if more persuasive circumstances develop.

Dated at Albuquerque this 21st day of March, 2001.

　　　　　　　　　　　　　　　　　　　　　　　／s／ Bruce D. Black
　　　　　　　　　　　　　　　　　　　　　　　**BRUCE D. BLACK**
　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**

---

[2] In *United States v. Merz*, 376 U.S. 192 (1964), the Supreme Court pointed out that there is danger that commissioners, unlike juries, may use their own expertise and not act as a deliberative body applying constitutional standards, since, unlike a jury, a commission is not under direct court surveillance.

**Counsel for Plaintiff:**
> Jon J. Indall, COMEAU MALDEGEN TEMPLEMAN & INDALL, Santa Fe, NM
> James C. Brockmann, STEIN & BROCKMANN, Santa Fe, NM
> Colleen Larkin Bell, QUESTAR REGULATED SERVICES COMPANY, Salt Lake City, UT

**Counsel for Defendants:**
> *Truby & Saiz Defendants*: Stuart R. Butzier, Thomas Smidt III, MODRALL SPERLING ROEHL HARRIS & SISK, Albuquerque, NM
> *Evans Engineering Co.*: Felix Briones, Jr., BRIONES LAW FIRM, Farmington, NM
> *Wood Defendants*: Karen L. Townsend, Aztec, NM