IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

---

QUESTAR SOUTHERN TRAILS PIPELINE
COMPANY, a Utah company,

      Plaintiff,

v.                                          No. CIV 02-10 BB/LFG

4.26 ACRES OF LAND, County of San Juan,
State of New Mexico, Evans Engineering Inc.,
a New Mexico corporation; 0.28 ACRES OF
LAND, County of San Juan, State of New
Mexico, Robert Fisher; 0.69 ACRES OF
LAND, County of San Juan, State of New
Mexico, Inez Truby Trustee of the Inez Truby
Revocable Trust; 1.92 ACRES OF LAND,
County of San Juan, State of New Mexico,
Rachel A. and Robert H. Truby, Jr.; 6.43
ACRES OF LAND, County of San Juan, State
of New Mexico, Aubrey D. and Patricia A.
Wood; and JOHN DOE, et al., and ALL
UNKNOWN OWNERS,

      Defendants.

## MEMORANDUM OPINION
## AND
## ORDER DENYING SUMMARY JUDGMENT

PLAINTIFF Questar Southern Trails Pipeline Company ("Questar") moves for summary judgment against Inez Truby on the question of value of her property. The Court having reviewed the submissions of counsel and being otherwise advised, finds the motion should be Denied.

## *Discussion*

Plaintiff filed this suit in January 2002 seeking condemnation of several tracts of land so that Plaintiff can construct a gas pipeline. By stipulation Questar paid Inez Truby $9,700 and she agreed not to contest the taking of her property. Pursuant to the stipulation, the only issues remaining for trial were: (1) the width of the easement to be acquired by Questar; and (2) damages and just compensation for the taking. In a letter dated October 30, 2002, Inez Truby informed Questar's counsel that she would not contest the width of the easement.

Questar's appraiser found that Inez Truby was entitled to $10,000 as just compensation for, and damages to, her property. At the time of their depositions, the expert appraisers for the other Defendants, Laura Riley and Wayne Hunsperger, both testified that they were not retained by and had prepared no report on behalf of Inez Truby. Questar thus concludes there is no competent evidence of the value of the property beyond the $10,000 valuation of their appraiser.

In response, Defendant Robert Truby, Jr., the son of Inez, points out he has represented his mother's interest throughout this litigation. He states that when his father, Robert Sr., died in 1985, he inherited part of the tract. His mother retained the remaining parcel but Robert Jr. continued to farm the tract as one plot as they had since 1965. Mr. Truby is listed as a witness and intends to testify as to the value of both his and his mother's land and crops. Questar responds that while Robert Jr. may be

**competent to testify on the value of the crop loss, he is not competent to testify on the value of the easement across his mother's property.**

**It is axiomatic that a landowner is presumed to have sufficient expertise to testify about the value of his land.[1] More importantly, this is the established law both in New Mexico[2] and the Tenth Circuit.[3] Questar counters that Robert Truby, Jr., is not the actual owner of this land. While that is technically correct, in this instance that is a distinction without a difference. In fact, courts have regularly allowed not only the owner but someone also with an intimate relation to and knowledge of land to testify as to its value. *Ruud v. United States*, 256 F.2d 460 (9th Cir. 1958) (error not to allow neighboring farmers to express opinion on best use and value of land); *Dunn v. State Highway Bd.*, 370 A.2d 626 (Vt. 1977) (former tenant who farmed nearby land for 30 years allowed to testify as to value); 5 NICHOLS ON EMINENT DOMAIN § 23.04 (3d ed.); *cf. Continental Pipe Line Co. v. Irwin Livestock Co.*, 625 P.2d 214, 217 (Wyo. 1981)**

---

[1]   *See, e.g., White v. Atlantic Richfield Co.*, 945 F.2d 1130 (9th Cir. 1991); *United States v. 68.94 Acres of Land*, 918 F.2d 389 (3d Cir. 1990); *Shane v. Shane*, 891 F.2d 976 (1st Cir. 1989); *United States v. 79.20 Acres of Land*, 710 F.2d 1352 (8th Cir. 1983); *Le Combe v. A-T-O, Inc.*, 679 F.2d 431 (5th Cir. 1982); *Gasser v. United States*, 14 Cl. Ct. 476 (1988); *Ryan v. Kansas Power & Light Co.*, 815 P.2d 528 (Kan. 1991); *Wood River Pipeline Co. v. Sommer*, 757 S.W.2d 265 (Mo. App. 1988); *State Dep't of Highways v. Pigg*, 656 P.2d 46 (Colo. App. 1982); *Arkansas Louisiana Gas Co. v. Allison*, 620 S.W.2d 207 (Tex. Civ. App. 1981).

[2]   *City of Albuquerque v. Ackerman*, 482 P.2d 63 (N.M. 1971); *State ex rel. Highway Comm'n v. Chavez*, 456 P.2d 868 (N.M. 1969).

[3]   *United States v. 10,031.98 Acres of Land*, 850 F.2d 634 (10th Cir. 1988).

**(corporation's president allowed to testify as to land value but failed to consider before and after value).**

**This case is factually analogous to *City of St. Louis v. Vasquez*, 341 S.W.2d 839 (Mo. 1960). There, as here, condemnor objected to a son giving his opinion as to the value of the mother's property. The son's familiarity with the property was a result of his living with his mother for approximately 28 years; he had managed his mother's affairs and handled the property in question for more than 15 years; he knew the zoning of the property and had investigated land values in the surrounding areas. *Id*. at 849. The Missouri Supreme Court concluded that his testimony on value was competent:**

> **An agent of the owner, in charge of management of the property, who for years has been familiar with the property, its location, etc. and is sufficiently familiar with the market value of property in the neighborhood, is competent to testify to its value.**

**341 S.W.2d at 848.**

**Robert Jr. has lived on this property since around 1965, when he began helping his father farm the entire tract. After his father passed away and the tract was legally split between Robert Jr. and his wife Rachel and the Inez Truby Revocable Trust, the land continued to be farmed as one parcel. Robert Jr. has always controlled the farming activities and business for both his and Inez Truby's property. Robert Jr. has paid for all maintenance, expenses, and improvements associated with the farming activities on Inez Truby's property. Inez Truby has authorized her son to act as her agent and**

4

representative with regard to her claims in this lawsuit and he has evaluated the potential crop damage and loss to each side.

At this stage Mr. Truby's testimony is sufficient to defeat Plaintiff's motion. He testified by interrogatory and at his deposition about values for both his and his mother's property in amounts substantially higher than those on which Plaintiff seeks summary judgment.

The parties spend a substantial portion of their briefs disputing whether the reports and testimony of Laura Riley and Wayne Hunsperger covered the Inez Truby property and, if not, why not. Those matters undoubtedly must be resolved prior to trial but for the present purpose, Defendants Truby have advanced substantial issues of material fact as to the value of both the crops and easement on the property of Inez Truby. *Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1327 (10th Cir. 1999); *Yoder v. Honeywell Inc.*, 900 F. Supp. 240 (D. Colo. 1995), *aff'd*, 104 F.3d 1215 (10th Cir. 1997).

### O R D E R

For the above stated reasons, Plaintiff's motion for summary judgment on the value of the Inez Truby property is DENIED.

**Dated at Albuquerque this 11th day of March, 2003.**

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　**BRUCE D. BLACK**
　　　　　　　　　　　　　　　　　　　　**United States District Judge**


**For Plaintiff:**

　　Jon J. Indall, COMEAU MALDEGEN TEMPLEMAN & INDALL, Santa Fe, NM
　　James C. Brockman, STEIN & BROCKMAN, Santa Fe, NM
　　Colleen Larkin Bell, QUESTAR REGULATED SERVICES CO., Salt Lake City, UT

**For Truby Defendants:**

　　J.E. Gallegos, Patricia Matthews, GALLEGOS LAW FIRM, Santa Fe, NM