IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**QUESTAR SOUTHERN TRAILS PIPELINE COMPANY,** a Utah company,

      Plaintiff,

v.                                                                                         No. CIV 02-10 BB/LFG

**3.47 ACRES OF LAND, COUNTY OF SAN JUAN, STATE OF NEW MEXICO, AUBREY D. and PATRICIA A. WOOD,**

      Defendants.

## MEMORANDUM OPINION
## IN SUPPORT OF AMENDED JUDGMENT

      **THIS MATTER** is before the Court on the motions of both parties seeking to amend the *Judgment* [Doc. #234] on the jury verdict, entered by the Clerk of Court on June 27, 2003. Having reviewed the briefs of the parties and being otherwise advised, the Court finds that in addition to the amendments agreed to by the parties, the judgment should be amended to (1) allow the Defendants their costs up through June 2, 2003; (2) based on its Rule 68 offer of judgment, Plaintiff is entitled to recover its costs incurred on and after June 2, 2003; (3) federal law controls the rate of interest on the judgment; and (4) the judgment is a complete and final adjudication of all claims between the parties.

**I.     *Costs***

The Clerk's *Judgment* awarded costs to Defendants. Under the unique facts of this case, the *Judgment* must be modified.

Federal Rule of Civil Procedure 71A provides only that costs are not subject to Federal Rule of Civil Procedure 54(d) which provides for shifting the costs to the prevailing party as a matter of course. *See* Fed. R. Civ. P. 71A(1). Without the presumption of cost shifting provided by Rule 54(d), then, the trial court is allowed substantial discretion in accessing costs in a condemnation case. *United States v. 101.80 Acres of Land*, 716 F.2d 714, 727 (9th Cir. 1983).

Although it does not apply to private condemnations, consideration of the assessment of costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), is instructive. The determination of which party, if either, can be considered prevailing in a condemnation action is complicated by the nature of the proceeding. Since the condemnor most often is found to possess the power of eminent domain, it will be the prevailing party; if this is an issue while the Fifth Amendment requires compensation so the condemnee will always receive a monetary award and thus prevail on that point. *United States v. 341.45 Acres of Land*, 751 F.2d 924, 934-5 (8th Cir. 1984). For purposes of the EAJA, however, the Tenth Circuit has followed the numerical rule in the condemnation context and found the party whose value figure is closest to the final judgment is the prevailing party. *United States v. 1002.35 Acres of Land*, 942 F.2d 733,

735 (10th Cir. 1991). This is consistent with the purpose of the 1985 amendment to the Act to bring "the government and property owner closer together in their land valuations, since they both would have the extra incentive of being determined the prevailing party under the Equal Access to Justice Act." 7 FED. PROC., L. Ed. § 14:153 p. 376. Questar originally tendered $10,000 at the outset of the proceedings. Defendants' response and any counteroffers, if any, are not of record. Pursuant to Rule 68 Questar made an offer of judgment on June 2, 2003, in the amount of $92,000. Federal Rule of Civil Procedure 68 like the EAJA is designed to promote an early and reasonable assessment of the value of the case where a monetary award is likely. *Delta Air Lines, Inc. v. August*, 450 U.S. 346 (1981) *See also* MOORE'S FED. PRAC. § 68.02[2].

The Court will therefore examine the unique facts of this case in light of the policy goals expressed by Congress in the EAJA and the Supreme Court in Rule 68, encouraging an early and reasonable assessment of the value of the easement to facilitate settlement. At trial, Defendants asked for $550,000 and rejected another offer from Plaintiff of $105,000. The jury returned a verdict of $33,492. This amount is obviously much closer to Plaintiff's repeated offers than Defendants' prayers. In Rule 68 terms it also "is not more favorable than the offer" of June 2, 2003. All costs incurred after June 2, 2003 should therefore be awarded to Plaintiff.

**II.**     *Interest*

The Clerk's *Judgment* states that Defendants are entitled to just compensation, "with interest thereon at the rate of 0.94% as provided by law ...."  The interest rate in the Clerk's *Judgment* derives from 28 U.S.C. § 1961 and 18 U.S.C. § 3612f(2) and is based on the one-year constant Treasury maturity yield normally applied to final judgments in federal court.  Compounding interest on the amount awarded by the jury over the $10,000 that Plaintiff tendered is appropriate to compensate the landowners for the interest they could have earned during the pendency of the litigation.  *United States v. 429.59 Acres of Land*, 612 F.2d 459 (9th Cir. 1980); *United States v. 319.46 Acres of Land*, 508 F. Supp. 288 (W.D. Okla 1981).

Defendants, however, assert state, not federal, law controls the question of the calculation of interest.  They rely on NMSA 1978 § 42A-1-24 to assert the interest rate of 10% per annum.

Congress has clearly established how interest is to be calculated for condemnations by the federal government in the Declaration of Taking Act, 40 U.S.C. § 258(e).  However, this Act does not apply and Federal Rule of Civil Procedure 71A provides no Rosetta Stone for calculating interest on a judgment arising from the exercise of eminent domain by a private corporation.  *Vector Pipeline L.P. v. 68.55 Acres of Land*, 157 F. Supp. 2d 949, 960 (N.D. Ill. 2001).  While law on the subject is indeed sparse, Defendants have tendered *Spears v. Williams Natural Gas Company*, 932 F. Supp.

259 (D. Kan. 1996), which like *Vector Pipeline* looks beyond the general federal statutes to find an appropriate interest rate for a private taking. In *Spears*, Judge O'Connor recognized the interest rates on an award should not be a consideration influencing forum selection in condemnation cases. The Court will therefore follow New Mexico law and calculate interest at 10% on the $23,492 from the date the condemnation action was filed.

### III.  *Conclusion of Claims*

As has become the norm in this case, the parties cannot agree on the form of judgment. After this action was filed Defendants filed a claim against Questar for recovery trespass and other claims. This Court ruled that consolidation of the two suits was not appropriate under Rule 71A. Judge Johnson has now dismissed the trespass case. The Court therefore finds the jury fairly compensated Defendants for all claims raised on the evidence in this case.

An amended judgment will be entered.

DATED at Albuquerque this 31st day of July, 2003.


*(signature)*
**BRUCE D. BLACK**
**United States District Judge**

**Counsel for Plaintiff:**
    Jon J. Indall, COMEAU MALDEGEN TEMPLEMAN & INDALL, Santa Fe, NM
    James C. Brockmann, STEIN & BROCKMANN, Santa Fe, NM
    Colleen Larkin Bell, QUESTAR REGULATED SERVICES COMPANY, Salt Lake City, UT

**Counsel for Defendants:**
    J.E. Gallegos, Patricia Adele Matthews, Santa Fe, NM
    Karen L. Townsend, Aztec, NM